*562 •Judge Underwood delivered the following response of the court, to the petition for a re-hearing. ,
The first suggestion made in the petition for a rehearing, is, that the facts of the case, according to ihe evidence, were not correctly ascertained. It ‘would have afforded us pleasure, to correct any error in point of fact, into which we may have 'fallen. Upon re-examination, we have detected none. The petitioner has not-designated, specially, any assumption of fact not sanctioned by the evidence, but suggests, in general terms, that we have not “duly weighed if,” and refers us to abreviations of the depositions, made out by another and filed by him for re-examination, so that we may correct the misapplication of the evidence imputed to us. It would have been more agreeable to the court, and perhaps more beneficial to the client, had the learned counsel designated precisely, the nature and extent of the error, in point of fact, committed by us. As he has not done this, it may be, we have again misapplied the proof. If we have, we are not sensible of it, nor do we believe that we have fallen into any mistake, misapplication or misconception of the true character and weight of 'the evidence, or the facts established by it.
•It is next believed by counsel, according to the petition, that the opinion needs a re-eXamination in that part of it which “affixes á construction to the contract between Bedinger and Bartlett.” We apprehend that the petitioner has paid but little attention to the opinion, for we have affixed no construction to any such contract. The contract between Bedinger and Bartlett, may hereafter be presented for consideration. If it should be, there is nothing in the opinion which will influence or control us in our construction of their contract.
The most formidable ground upon which a re-hear-ingis asked, is the intimation given that the opinion “settles.a principle most dangerous in practice and against a current of decisions.” The petition assumes the position that ,a parol contract for land is vot'd. And that is the principle of law which the court is supposed to have overturned. The principle assumed, never existed, at least it never existed to the extent, to which, by the petition, it is attempted to *563 be applied. In support of it, the case of Hunt vs. Sanders; See I. Marshall, 553, is refered to.
Money, paid on parol contract for land,' may be recovered bade again, in as-sumpsit for money-had & received.
But no such recovery can be had where vendor, by way of de-fence to the ■■ action, shews his ability & tendors performance.
Written contract, or assignment of title bond for land, cannot prevail against claimant of sama land, under antecendent parol contract, tvho thereafter obtains an assignment on separate piece of paper.
This, and other cases, which have been decided» are authorities to prove, that money, paid on a verbal contract, for the sale of land, may be recovered by the purchaser, from the seller in assumpsit, for money had and received. Such recovery is allowed', because the parol contract cannot be enforced under the statute of Frauds, when the seller resists the execution of the contract; but no such recovery can be had, when the seller, by way of defence to. the-.action, shews an ability, and tenders performance of, the contract on his part.
The petitioning counsel is.altogether mistaken in supposing that the ease of Hunt vs. Sanders, tolerates a recovery, where the vendor- tenders a deed, shews an ability to make a good title, and in all respects-, acts conformably to the parol contract. The case of Lewis vs. Whitnell, V. Monroe, 190, is an authority directly in point. Other adjudications to the like effect, might be cited. The cases of Barnes, Anderson, &c. vs. Wise, III. Monroe, 170; and Roberts vs. Tennel, Ib. 250, have been selected from among many-, others, and are here referred to, id order to prove that parol contracts are not void. In, the first, the court uses this language, speaking, of parol contracts, that they are “good in the mouth of a defendant, asa matter of defence; and that.in a defensive attitude, such a contract should be a shield, and its obligation be acknowledged/*
The case of M‘Connel, &c. vs. Smith, &c. III. Monroe,. 432, is strikingly analogous to the present, and proves, that a written contract or assignment of a title bond, for land cannot prevail against the claimant of the same land,’ under an antecedent parol con.T tract,, who, thereafter, obtains an assignment on a separate piece of paper. . Much stronger is the protection, afforded.by an executed contract, a deed of conveyance, recognizing the right of the vendee, as promised under, and by a parol stipulation, as is done in the present case. So far are parol contracts, concerning lands, although falling under the provisions and operation of the statute of Frauds, .from being *564 void, that they do, and may constitute a valid fountla-ti°n, upon which, extensive liabilities rest.
Parol romise, to make leasefornum-wüUecure’ valueofiaBor and money, expended in impnmng
Even a parol promise-, to make a lease for a num~ ber of years, will secure the, value of the labor and-money expended in improving the land. Findley, &c. vs. Wilson, III. Littell, 394. We believe, therefore, that we have adhered to “principle, safe in practice,’* and settled the case of the petitioner’s client, in con-fortuity to doctrines, maintained by “a current of úeciú¿ns»
We think the case might have been disposed, of in respect to Whiitamore, &c. without waiting to have it prepared, or brought to trial, as it regards Hart-ley’s heirs, in relation to the boundary, we are still of opinion, that such a case was not made out, as authorized Bedinger to proceed in chancery, against Whittamore, or his tenant or vendor.
The petition is overruled.'